**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

**LATASHA SALES,**
**individually and on behalf**
**of all others similarly situated,**

**Case No. _____**

      **Plaintiffs,**

**v.**

**AMERICAN SUPPORT, INC.**

**and**

**INSPERITY PEO SERVICES, L.P.**
*formerly known as* Administaff Companies II, L.P.,**.**

**Jury Trial Demanded**

    **Defendants.**

## CLASS ACTION COMPLAINT

COME NOW Plaintiff, Latasha Sales, on behalf of herself and all others similarly situated, and files Plaintiff's Class Action Complaint against Defendants American Support, Inc., Insperity PEO Systems, L.P. (collectively, "Defendants"). Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### I.
### NATURE OF THE CASE

1.    Plaintiffs bring this action against Defendants for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681a–1681x.  She is brought to this process because she was terminated or not hired by Defendants based upon a grossly inaccurate employment background check that reported criminal records of a total stranger as her own.

2.     American Support, Inc. ("American Support") describes its business as "inbound and outbound telesales" on behalf of "some of America's largest companies. As part of its hiring process, American Support uses criminal-background reports furnished and generated by Insperity PEO Systems, L.P. ("Insperity") to make employment decisions. Because such employment decisions are based in whole or in part on the contents of the criminal-background reports, American Support is obliged to adhere to certain strictures of the Federal FCRA.

3.     Defendant Insperity operates as a FCRA-governed consumer reporting agency. It prepares and furnishes consumer reports for employment purposes. It provided these consumer reports to prospective and existing employers of Plaintiff and members of the putative Classes. Many of these employers, like American Support, refused to hire or discharged Plaintiff and other individuals based in whole or in part on the contents of the consumer reports.

4.     In addition, Insperity's business model is to act not only as the consumer reporting agency that creates the reports, but as well as a "user" of the reports. Both American Support and Insperity use consumer reports in whole or in part to make employment decisions, and both use such reports in whole or in part to take "adverse actions" against employment consumers.

5.     When using criminal-background reports for employment purposes, an entity that "uses" such report must, before declining employment based in whole or in part on its contents, provide job applicants like Plaintiff with a copy of her respective report as well as a written summary of her rights under the FCRA.

6.     Providing a copy of the criminal-background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate,

2

incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

7.     To complete this process – consideration of the background reports and sending of the mandatory FCRA notices – American Support has hired Insperity, which operates in this and many instances as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained therein.

8.     Both Defendants are informed of the necessary rigors FCRA compliance imposes, as the facts alleged in this case have been the subject of extensive and successful litigation in this District and Division and in others against employment users of such reports, including a contested and certified class action for which the Fourth Circuit has denied Rule 23(f) appeal. *See generally Williams v. LexisNexis Risk Mgmt. Inc.*, CIV.A. 3:06CV241, 2007 WL 2439463 (E.D. Va. Aug. 23, 2007).   The Federal Trade Commission has also acted to enforce the rights at issue in this case as against a comparable reporting agency. See e.g. http://www.ftc.gov/opa/2012/08/hireright.shtm last visited May 23, 2013.

9.     Plaintiff brings class claims against Defendants under 15 U.S.C. § 1681b(b)(3), because they, as an omission in their hiring processes and whether by their own conduct or by the conduct of an agent, failed to provide Plaintiff and Putative Class members with a copy of the criminal-background report or a summary of their rights under the FCRA before taking an adverse action against them.

10.     Plaintiff brings class claims under 15 U.S.C. §1681k(a)(1) against Insperity, because it did not provide Plaintiff and other similarly situated consumers notice that it was

3

furnishing an employment-purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of an employment report and details necessary to preemptively contact the reporting agency to obtain and, where appropriate, correct inaccuracies in the furnished report. It also is intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Insperity's failure to comply with these longstanding requirements denied the Plaintiff and each putative Class Member these important rights.

11.     Plaintiff Brown also brings individual claims against Insperity pursuant to 15 U.S.C. § 1681e(b) because the report Insperity furnished regarding the Plaintiff was grossly inaccurate, containing a felony record that did not even match the Plaintiff's state of residence, last name, date of birth or social security number.

## II.
## PARTIES

12.     Plaintiff Latasha Sales is a "consumer" as protected and governed by the FCRA.

13.     Defendant American Support operates primarily in Chapel Hill, North Carolina and Daytona Beach, Florida.  It that sells its services throughout the United States, including within this District and Division.

14.     Defendant Insperity is a Delaware Limited Partnership that sells its products and services throughout the United States, including within this District and Division.  It has a meaningful North Carolina presence in Raleigh.  Insperity is also a "consumer reporting agency" as defined at 15 U.S.C. § 1681a, that furnishes consumer report "for employment purposes and which for that purpose compiles and reports items of information on consumers which are

4

matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a).

15.     Both Defendants are users of consumer reports as contemplated by the FCRA, 15 U.S.C. § 1681b.

### III.
### JURISDICTION AND VENUE

16.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1331.

17.     Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division. 28 U.S.C.  § 1391(b)(2).

18.     Venue is also proper in this Court because Defendants can be found in this State and District. 28 U.S.C. § 1391(b)(3). Among other things, American Support maintains its primary business in this District and Division, and Insperity regularly sells its products and services in this District and Division, specifically contracting with American Support to provide these services here.  American Support identifies North Carolina as its choice of law; its President and CEO is located here; and all or nearly all employees that were involved with the Plaintiff and her employment are located here.

### IV.
### FACTUAL ALLEGATIONS

19.     During the FCRA statute of limitations period, Insperity was a "consumer reporting agency" as defined by the FCRA.

20.     During the FCRA statute of limitations period, Insperity was regularly engaged in the business of assembling, evaluating, and disbursing public-record information concerning

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

21.     At all times relevant hereto, employers like American Support—to whom Insperity sold consumer reports about class members for employment purposes—were "users" of those consumer reports, as governed by the FCRA.

22.     On or about March 31, 2011, LaTasha Sales applied for and was offered a job as "inbound customer service representative" with American Support Systems.

23.     As part of this application procedure, American Support directly and through Insperity used a consumer report on Sales.   She had consented to such use, but was unaware as to the date it had been furnished and/or used, or as to any of the procedures and processes in place at Defendants for such use.

24.     Thereafter, Ms. Sales was told by American Support or its agent that her new hire training would take place on April 4, 2011.

25.     This date came and went, but Ms. Sales was then able to obtain Defendant's response to her e-mail asking for a training date, which was then rescheduled for May 16, 2011.

26.     Ms. Sales was then contacted by her American Support recruiter requesting mandatory attendance for an "Informational Q&A" webinar session on May 5, 2011.  Ms. Sales registered and attended.

27.     On May 10, 2011, American Support made Plaintiff's offer official and in a letter. That relevantly stated:

> *This offer is contingent on passing our employee background check, our system check, and our new hiring training course.*

It included a list of responsibilities, home office requirements, phone requirements, internet requirements, hardware requirements, "at-will" employment notice, etc.  It also listed

6

Ms. Sales' training shifts to be May 16 - May 20, 2011 and May 23 - 27, 2011. It also designated her initial work shift as starting May 16, 2011, at 11:00 a.m, and thereafter Friday – Tuesday.

28.     On May 12, 1022, the trainer for American Support, Judith Ugstad, sent a webinar invitation to Ms. Sales for the training session in which the American Support client, Cobridge Communications, was identified as the firm for which calls were being routed. A new hourly employee information sheet was sent to the Plaintiff, which she signed and returned on 5/13/11.

29.     Ms. Sales then started her training classes on May 16, 2011 via online webinar. She also signed & dated her withholding tax forms.

30.     Ms. Sales learned after the events otherwise alleged herein that her consumer report (background check) was obtained on May 18, 2011.

31.     The Insperity consumer report contained an "additional name" in the report listed as a supposed former name, Latasha Johnson. LaTasha Sales has never had the name Johnson. In the report, it indicates a positive hit for the following from Montgomery, Kansas:

> Latasha Johnson
> DoB 7/4/1975
> SSN not listed
> Conviction: Sale of narcotics-felony
> Plea: guilty
> Sentence: 15 months in jail

This record did not belong to Ms. Sales. She has never been so charged or convicted.

At the time that this inaccurate report was created, furnished and used – furnished by Insperity and used by both Defendants – Plaintiff was unaware and was not provided either the report or even a warning of its (inaccurate) contents.

32.     On May 24, 2011, Ms. Sales was in the training webinar. At approximately 1:05pm, she was kicked out of the American Support Systems and training webinar. An error

7

message on her screen indicated that she had been released from those systems. She went directly into her Gmail account to read her email, where she saw an email from American Support Recruiter titled "Employment with American Support" which was sent to her at 1:08pm. This email stated her employment with American Support was contingent upon the passing of a background check and that because criminal history was discovered, she was not employable.

33.     This constituted an adverse action taken by American Support and Insperity.

34.     Ms. Sales became upset to tears because she knew she had never been arrested or convicted of any crime and this was shocking.  She called and left a voice message with a team coordinator (Alexandra Hans) of Insperity regarding the email around 1:15.  Hans emailed her back about 1:25 p.m. advising that she was in a conference and that all questions needed to be directed to American Support, Bracken Mayes (Director of Success Management).   She emailed Mayes as Hans had instructed and received a reply that her message was being copied to Elaine Zei-Hayman (recruiter) and to wait for her response.

35.     Ms. Sales finally spoke with Elaine at 3:25 pm and advised her that the entry on the background check could not be hers and must be a mistake.  Plaintiff asked what the entry was about. Zei-Hayman provided case# 03CR396C, and dated the conviction to August of 2004, where Ms. Sales' servicemember husband might have been stationed at Fort Riley, Kansas. Plaintiff advised that neither she nor her family was ever stationed at Fort Riley and during the time in question, her husband was by then out of the military and residing in Kansas City.

36.     Ms. Sales asked about any way to reverse the termination and was advised by Zei-Hayman that American Support did not conduct the background check and it would need to be taken up with Insperity. Zei-Hayman then advised that she had requested Insperity to send forms regarding this decision and that Ms. Sales should receive them shortly.

37.     Plaintiff then called the district in which the criminal record had originated (Montgomery County, Kansas).  The case belonged to a Latisha Johnson, with a different date of birth, social security number and address.   The representative from Montgomery County forwarded Plaintiff the case file, which confirmed the inaccuracy.

38.     The Insperity consumer report also contained derogatory civil public records, which even though accurate, are subject to 15 U.S.C. § 1681k(a).

39.     Finally, Plaintiff received an email from an Insperity email address adverse_action@insperity.com at approximately 4:46 p.m. on May 24, 2011 with the header "Pre-adverse action notice request."   It contains what it says are the report findings.   By that time, it was clear to the Plaintiff that the termination decision had already become final.

40.     American Support has never provided Ms. Sales with a copy of the consumer report or written summary of a consumer's rights under the FCRA (required by 15 U.S.C. § 1681b(b)(3)) before or even at the time it informed her that she would not be hired and/or was terminated.

41.     Insperity has never provided Ms. Sales with a copy of the full consumer report used to make the hiring decision as to Ms. Sales.  The report Insperity did provide the Plaintiff was provided after, and not the required five business days before – the adverse action was taken. It has also never provided the written summary of a consumer's rights under the FCRA (required by 15 U.S.C. § 1681b(b)(3)) before or at the time it informed her that she would not be hired and/or was terminated.

42.     On May 25, 2011, Plaintiff made a written dispute to Insperity regarding the inaccurate report.  She followed this up on May 27, 2011 by sending her a copy of a criminal records report (showing no history) Ms. Sales had requested and obtained from her local police

9

department. On June 2, 2011, Plaintiff received an email from Insperity stating that the entry has been corrected and containing her corrected report

43.     Insperity does not comply with the "strict procedures" option provided at 15 U.S.C. § 1681k(a)(2) for the Plaintiff and Putative class members.

44.     American Support did not reverse its termination decision.

45.     Finally, on August 15, 2011, she received the following letter:

August 15, 2011


**Re:**   Information for Filing a Claim for Unemployment

        LATASHA SALES


In accordance with state law, we are notifying you that your employment with Insperity has ended on 5/24/2011.

If you have questions, please direct them to your HR Specialist.


Enclosure:  State of Georgia – Separation Notice

cc:  Personnel File (cover letter and State of Georgia Separation Notice)
       Client Number 2526401
       Employee ID 2018672

10

46.     Further, on information and belief, Plaintiffs allege that this hire vs. fire adverse action actually occurred almost immediately after the communication of Plaintiff's information to Insperity by American Support and at the moment Insperity created such report, as Insperity was tasked with the "adjudication" of whether or not to disqualify an applicant based on the content of the report based upon predefined criteria. Such process is automated and involves limited (if any) human discretion, and for most similarly situated consumers.

47.     Defendants have created and implemented national, uniform hiring and staffing policies, procedures, and practices under which they operate.

48.     Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

49.     American Support routinely obtains and uses consumer reports to screen prospective employees.

50.     As a matter of practice, Defendants regularly fail to provide copies of consumer reports to job applicants against whom they take an adverse action based in whole or part on consumer reports before taking that adverse action.

51.     As a matter of practice, Defendants regularly fail to provide copies of the FTC (now CFPB) notice of rights to job applicants against whom they take an adverse action based in whole or part on consumer reports before taking that adverse action.

52.     As a result of these FCRA violations, Defendants are liable to Plaintiff, and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

53.     As a result of its own, independent FCRA violations, Insperity is liable to Plaintiff, and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

54.     Further, Insperity is liable to Plaintiff individually for her actual damages resulting from the inaccuracies contained in its report, as well as attorneys' fees and costs. 15 U.S.C. § 1681o.

55.     Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

56.     Upon information and belief, Plaintiff alleges that Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these mandates.

57.     Despite knowing of these legal obligations, Defendants acted willfully in breaching their known duties and depriving Plaintiff and other members of the Classes of their rights under the FCRA.

## IV.
## CLASS ACTION ALLEGATIONS

A.     **Plaintiff's Proposed § 1681b(b)(3) Classes**

1.     **The National FCRA Disclosure Class**

58.     Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff bring this action for herself and on behalf of a class ("the National FCRA Disclosure Class"), defined as:

12

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who submitted an employment application or other request for placement to American Support and/or Insperity, (b.) who were the subject of a consumer report which was used by American Support and/or Insperity or their agent to make an employment decision regarding such person during the FCRA statute of limitations period, 15 U.S.C. § 1681p, (c.) for whom that decision was either a rejection of a delay of the employment and (d.) who were not provided a copy of that consumer report and/or the mandatory disclosures required in 15 U.S.C. §1681b(b) at least five business days before that employment decision.

59.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendants' releases of all their claims for all of their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

### 2.     The Regional FCRA Disclosure Class

60.     Plaintiff also bring this action for herself and on behalf of a class and/or subclass limited to those consumers who reside in the Fourth or Eleventh Circuits ("the Regional FCRA Disclosure Class"), defined as:

All natural persons residing in the States of North Carolina, South Carolina, Virginia, Maryland, West Virginia, Georgia, Florida or Alabama (a.) who submitted an employment application or other request for placement to American Support and/or Insperity, (b.) who were the subject of a consumer report which was used by American Support and/or Insperity or their agent to make an employment decision regarding such person during the FCRA statute of limitations period, 15 U.S.C. § 1681p, (c.) for whom that decision was either a rejection of a delay of the employment and (d.) who were not provided a copy of that consumer report and/or the mandatory disclosures required in 15 U.S.C. §1681b(b) at least five business days before that employment decision.

61.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendants releases of all their

claims for all of their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

**B.     Plaintiff's Proposed §1681k(a)(1) Classes**

**1.     The National § 1681k Notice Class**

62.     Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiff brings this action for herself and on behalf of a class ("the National 1681k Notice Class") defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a consumer report issued after May 24, 2009, (b.) that was furnished by Insperity for an employment purpose, (c.) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, and (d.) to whom Insperity did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

63.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Insperity releases of all their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

**2.     The Civil Public Records § 1681k Notice Class**

64.     Plaintiff also bring this action for herself and on behalf of a class and/or subclass limited to those consumers about whom Insperity furnished a consumer report containing a civil judgment, bankruptcy or civil tax lien ("the Civil Public Records § 1681k Notice Class") defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a consumer report issued after May 24, 2009, (b.) that was furnished by Insperity for an employment purpose, (c.) that contained at least one public record of a civil lien, bankruptcy or civil judgment, and (d.) to whom Insperity did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

65. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Insperity releases of all their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

**3. The § 1681k Notice *American Support* Subclass**

66. Plaintiff also brings this action for herself and on behalf of a subclass limited to American Support employment consumers ("the §1681k Notice *American Support* SubClass") defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a consumer report issued after May 24, 2009, (b.) that was furnished by Insperity for an employment purpose, (c.) furnished for American Support as the Insperity client, (d) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, and (e.) to whom Insperity did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

67. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendants releases of all their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

### C. Rule 23(a) Prerequisites

68.     **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least hundreds, if not thousands of members, and are so numerous as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

69.     **Commonality.** Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether American Support and Insperity provided the required notices, when each did so, whether each was required to do so and whether Defendants acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Similarly, the litigation will target whether Insperity sent the required § 1681k(a)(1) notices, when it did so, and whether Insperity acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of each of the Classes.

70.     **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendants use common practices and automated systems in committing the conduct that Plaintiff alleges injured her and the Classes. Plaintiff seeks only statutory and punitive damages for the classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes. Defendants uniformly breached the

16

FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

71.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's Counsel have prosecuted complex FCRA class actions across the country.  Lead counsel has been licensed in North Carolina since 1995.

**C.     Rule 23(b) Prerequisites**

72.     Questions of law and fact common to the Classes predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Classes to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of the Defendants to give Class Members the proper notice. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

73.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by

allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

**V.**

**CAUSES OF ACTION**

**Count 1: (CLASS CLAIM) Defendants' Violations of 15 U.S.C. § 1681b(b)(3)(A)**

74.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

75.     Defendants' failure to provide members of the § 1681b(b)(3) classes with a copy of the consumer report upon which they based respective employment decisions to take an adverse action, at least five business days, prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(i).

76.     Likewise, Defendants' failure to provide members of the § 1681b(b)(3) classes the mandated FTC and/or CFPB Summary of FCRA Rights at least five business days prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

77.     The conduct, action, and inaction of Defendants were willful, rendering each one separately liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.     Plaintiffs and other members of the putative § 1681b(b)(3) classes are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Count 2:  (CLASS CLAIM) Insperity's Violation of 15 U.S.C. § 1681k(a)(1)**

79.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

80.     The consumer reports of the named Plaintiff and of each member of the §1681k classes were furnished for an employment purpose and contained one or more public records of the type that may effect an employer's hiring decision.

81.     As to the named Plaintiff and the §1681k classes, Insperity uniformly fails to comply with the rigors of FCRA § 1681k(a)(2) and therefore must necessarily rely on its compliance with § 1681k(a)(1).

82.     On information and belief, the Plaintiff alleges that Insperity obtains the civil liens, civil judgments and civil bankruptcy information from a third party consumer reporting agency – a credit bureau – and does not attempt to obtain this information through its own courthouse searches or vendors.

83.     On information and belief, the Plaintiff alleges that as to the Civil Public Records § 1681k Notice Class, Insperity did not send such class members a notice pursuant to 15 U.S.C. § 1681k(a)(1).

84.     On information and belief, the Plaintiff alleges that as to the Civil Public Records § 1681k Notice Class, Insperity did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of the civil judgment, civil tax lien or civil bankruptcy public records pursuant to 15 U.S.C. § 1681k(a)(2), within 30 days before it furnishes and resells these records in one of its reports.

85.     Insperity's failure to timely provide the required FCRA notices to the Plaintiffs and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

86.     The conduct, action, and inaction of Insperity were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87. Plaintiff and other members of the putative Classes are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Insperity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## Count 3: (INDIVIDUAL CLAIM) Insperity's Violation of 15 U.S.C. § 1681e(b)

88. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

89. Plaintiff brings this claim for herself individually.

90. Insperity's failure to exclude from Plaintiff's report derogatory information belonging to the unrelated Latasha Johnson caused American Support to deny Plaintiff employment.

91. Had Insperity employed, as the FCRA requires, "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff's report would not have included this derogatory, and inaccurate, information.

92. Failure to employ such procedures violates 15 U.S.C. § 1681e(b), entitling Plaintiff to actual damages for this failure under 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.

93. As a result of this conduct by the Insperity the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on their behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

94. The conduct, action, and inaction of Insperity were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.     Plaintiff is also entitled to recover costs and attorneys' fees as well as appropriate equitable relief in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows:

1.     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

2.     That judgment be entered for the proposed Classes against Defendants for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681b(b)(3) and 1681k(a)(1) pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

3.     That judgment be entered for Plaintiff individually against Defendant Insperity for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; and

4.     That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VI.
## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED:  May 23, 2013

Respectfully submitted,

By:      <u>      /s/ Leonard A. Bennett </u>

Leonard A. Bennett (N.C. Bar No. 21576)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

***Attorney for Plaintiff***