IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

CIVIL ACTION NO. 1:13-cv-00418-CCE-JEP

| | |
|---|---|
| LATASHA SALES, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) vs. ) ) AMERICAN SUPPORT, INC. and ) INSPERITY PEO SERVICES, L.P., ) *formerly known as* Administaff ) Companies II, L.P., ) ) Defendants. ) | **ANSWER OF DEFENDANT INSPERITY PEO SERVICES, L.P.** |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant INSPERITY PEO SERVICES, L.P., formerly known as Administaff Companies II, L.P. (hereinafter "Insperity PEO"), by and through its undersigned counsel, for its Answer to the Class Complaint ("Complaint") filed by Latasha Sales ("Sales" or "Plaintiff"), responds and pleads affirmative defenses as follows:

## I.
## AS TO "NATURE OF THE CASE"

1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions or opinions to which no response is required of Insperity PEO. To the extent that a response is deemed required, the allegations are denied. Insperity PEO specifically denies Plaintiff's characterization of her dismissal.

2. The allegations contained in the first sentence of Paragraph 2 are denied. As to the second sentence contained in Paragraph 2, it is denied that Insperity PEO furnished and/or generated criminal background reports to American Support, Inc. ("American Support"), but it is averred that such criminal background reports were generated and furnished by Insperity Employment Screening, L.L.C. ("IES"). The remaining allegations contained in Paragraph 2 constitute conclusions of law to which no response is required of Insperity PEO. To the extent that a response is deemed required, said allegations are denied.

3. The allegations contained in the first and second sentences of Paragraph 3 are denied; however Insperity PEO admits that IES operated as a FCRA-governed consumer reporting agency. Insperity PEO does not have sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and said allegations are therefore denied.

4. To the extent that the allegations contained in Paragraph 4 are directed to Insperity PEO, said allegations are denied. To the extent that the allegations contained in Paragraph 4 are directed to a Defendant other than Insperity PEO, said allegations are denied for lack of information or belief.

5. The allegations contained in Paragraph 5 constitute conclusions of law to which no response is required of Insperity PEO. To the extent that a response is deemed required, said allegations are denied.

6. The allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied. In further response, Insperity PEO states that American Support has contracted with Insperity PEO for certain outsourced HR functions, which in turn contracted with IES, which acts as the Consumer Reporting Agency ("CRA").

8. It is admitted that Insperity PEO is aware of the Fair Credit Reporting Act ("FRCA"). The remaining allegations contained in Paragraph 8 as directed to Insperity PEO are denied. To the extent that the allegations contained in Paragraph 8 are directed to a Defendant other than Insperity PEO, said allegations are denied for lack of information or belief.

9. The allegation contained in the first clause of Paragraph 9 constitutes a conclusion of law to which no response is required of Insperity PEO. The remaining allegations contained in Paragraph 9 are denied.

10. It is specifically denied that Insperity PEO had the obligations as set forth in the first and last sentences of Paragraph 10. The allegations contained in Paragraph 10 are denied.

11. It is specifically denied that Insperity PEO engaged in the acts as alleged in Paragraph 11, and therefore said allegations are denied.

## II.
## AS TO "PARTIES"

12. The allegations contained in Paragraph 12 constitute conclusions of law to which no response is required of Insperity PEO. To the extent that a response is deemed required, said allegations are denied.

13. The allegations contained in Paragraph 13 are directed to a Defendant other than Insperity PEO. Therefore, said allegations are denied for lack of information or belief.

14. It is denied that Insperity PEO sells its products throughout the United States, including within the District and Division in which this legal action is pending. Except as denied, the remaining allegations contained in the first sentence of Paragraph 14 are admitted. The allegations contained in the second sentence of Paragraph 14 are denied. The remaining allegations contained in Paragraph 14 are denied; however it is admitted that IES is a CRA.

15. The allegations contained in Paragraph 15 as directed towards Insperity PEO constitute conclusions of law to which no response is required. To the extent that a response is deemed required, said allegations are denied. To the extent that the allegations contained in Paragraph 15 are directed to a Defendant other than Insperity PEO, said allegations are denied for lack of information or belief.

### III.
### AS TO "JURISDICTION AND VENUE"

16. The allegations contained in Paragraph 16 constitute a legal conclusion to which no response is required of Insperity PEO.

17. The allegations contained in Paragraph 17 constitute a legal conclusion to which no response is required of Insperity PEO.

18. The allegation contained in the first sentence of Paragraph 18 constitutes a legal conclusion to which no response is required of Insperity PEO. It is denied that Insperity PEO regularly sells any products in the District and Division in which this legal action is pending. It is admitted that Insperity PEO contracted with American Support to provide certain services in the District and Division in which this action is pending. Insperity PEO does not have sufficient information to form a belief with regard to the remaining allegations contained in Paragraph 18, and therefore said allegations are denied.

## IV.
## AS TO "FACTUAL ALLEGATIONS"

19. The allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are directed to a Defendant other than Insperity PEO. Accordingly, said allegations are denied for lack of information or belief.

22. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 22, and therefore said allegations are denied.

23. It is denied that Insperity PEO provided a consumer report on Plaintiff. It is admitted upon information and belief that American Support directly, and through IES, used a consumer report on Plaintiff, and that Plaintiff had consented to such use. Insperity PEO does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 23, and therefore, said allegations are denied.

24. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 24, and therefore said allegations are denied.

25. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 25, and therefore said allegations are denied.

26. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 26, and therefore said allegations are denied.

27. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 27, and therefore said allegations are denied.

28. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 28, and therefore said allegations are denied.

29. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 29, and therefore said allegations are denied.

30. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 30, and therefore said allegations are denied.

31. It is admitted upon information and belief that the consumer report prepared by IES contained an 'additional name' of Latasha Johnson, and answering further, that Plaintiff identified Johnson as an additional name. It is denied that Plaintiff had never had the name Johnson. The allegations contained in the third sentence of Paragraph 31are admitted upon information or belief. It is admitted upon information or belief that the record described in the third sentence of Paragraph 31 did not belong to Plaintiff. Insperity PEO is without sufficient information to admit or deny the allegations

contained in the fifth sentence of Paragraph 31. The allegations contained in the sixth sentence, second paragraph, of Paragraph 31 are denied.

32. Insperity PEO does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore said allegations are denied.

33. The allegation contained in Paragraph 33 constitutes a conclusion of law or opinion to which Insperity PEO has no obligation to respond. To the extent that a response is deemed required of Insperity PEO, the allegation is denied. Insperity PEO further avers in response to Paragraph 33 that it took no adverse action against Plaintiff on or about May 24, 2011.

34. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 34, and therefore said allegations are denied.

35. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 35, and therefore said allegations are denied.

36. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 36, and therefore said allegations are denied.

37. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 37, and therefore said allegations are denied.

38. The first clause contained in Paragraph 38 is denied. The remaining allegations contained in Paragraph 38 constitute conclusions of law to which no response is required of Insperity PEO. To the extent that a response is deemed required, the allegations are denied.

39. It is admitted that an email with the header "Pre-adverse action notice request" was sent to Plaintiff on May 24, 2011. The remaining allegations contained in the first sentence of Paragraph 39 are denied, including the allegation that Plaintiff did not receive the email until 4:46 p.m. The allegations contained in the second sentence of Paragraph 39 are denied for lack of information or belief. The allegations contained in the last sentence of Paragraph 39 are denied. Except admitted, all remaining allegations contained in Paragraph 39 are denied.

40. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in Paragraph 40, and therefore said allegations are denied.

41. The allegations contained in Paragraph 41 are denied.

42. The allegations contained in the first sentence of Paragraph 42 are denied. It is, however, admitted upon information and belief that Plaintiff disputed the report to IES. Insperity PEO does not have sufficient information to form a belief as to the allegations contained in the second sentence of Paragraph 42, and therefore said allegations are denied. The allegations contained in the third sentence of Paragraph 42 are denied to the extent that said allegations are directed to Insperity PEO. It is, however, further averred upon information and belief that IES sent notice of its determination that the report should read "no record" to Plaintiff.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 of the Complaint are directed to a Defendant other than Insperity PEO. Insperity PEO does not have sufficient

8

information to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore said allegations are denied.

45. Insperity PEO does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore said allegations are denied.

46. It is denied that Insperity PEO prepared a report as alleged in Paragraph 46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 as directed to Insperity PEO are admitted. To the extent that said allegations are directed to Defendant American Support, said allegations are denied for lack of information or belief.

48. The allegations contained in Paragraph 48 as directed to Insperity PEO are admitted. To the extent that said allegations are directed to Defendant American Support, said allegations are denied for lack of information or belief.

49. The allegations contained in Paragraph 49 are not directed to Insperity PEO. To the extent that a response is deemed required by Insperity PEO, said allegations are denied for lack of information or belief.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied.

52. It is specifically denied that Insperity PEO engaged in FRCA violations as alleged. The allegations contained in Paragraph 52 are denied.

53. It is specifically denied that Insperity PEO engaged in FRCA violations as alleged. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. Insperity PEO had knowledge of its obligations under the FRCA. Except as admitted, the remaining allegations contained in Paragraph 55 as directed to Insperity PEO are denied.

56. With regard to the allegations contained in Paragraph 56, it is admitted that Insperity PEO obtained or had available written materials about the FRCA. Except as admitted, the remaining allegations contained in Paragraph 56 as directed to Insperity PEO are denied.

57. The allegations contained in Paragraph 57 are denied.

## IV.
## AS TO "CLASS ACTION ALLEGATIONS"

A. **Plaintiff's Proposed § 1681b(b)(3) Classes**

    1. **The National FCRA Disclosure Class**

58. The allegation contained in Paragraph 58 is a description of the putative class and is not a factual allegation that can be admitted or denied. Insperity PEO denies that the class described would constitute a class that can or should be certified.

59. The allegations contained in Paragraph 59 constitute conclusions of law to which no response is required of Insperity PEO.

    2. **The Regional FCRA Disclosure Class**

60. The allegation contained in Paragraph 60 is a description of the putative class and is not a factual allegation that can be admitted or denied. Insperity PEO denies that the class described would constitute a class that can or should be certified.

10

61. The allegations contained in Paragraph 61 constitute conclusions of law to which no response is required of Insperity PEO.

B.  **Plaintiff's Proposed §1681k(a)(1) Classes**

   1.  **The National §1681k Notice Class**

62. The allegation contained in Paragraph 62 is a description of the putative class and is not a factual allegation that can be admitted or denied. Insperity PEO denies that the class described would constitute a class that can or should be certified.

63. The allegations contained in Paragraph 63 constitute conclusions of law to which no response is required of Insperity PEO.

   2.  **The Civil Public Records § 1681k Notice Class**

64. The allegation contained in Paragraph 64 is a description of the putative class and is not a factual allegation that can be admitted or denied. Insperity PEO denies that the class described would constitute a class that can or should be certified.

65. The allegations contained in Paragraph 65 constitute conclusions of law to which no response is required of Insperity PEO.

   3.  **The § 1681K Notice *American Support* Subclass**

66. The allegation contained in Paragraph 66 is a description of the putative class and is not a factual allegation that can be admitted or denied. Insperity PEO denies that the class described would constitute a class that can or should be certified.

67. The allegations contained in Paragraph 67 constitute conclusions of law to which no response is required of Insperity PEO.

**Rule 23(a) Prerequisites**

68. **Numerosity.** Insperity PEO is without information or belief as to whether the numerosity requirement of Rule 23 would be met. The allegations contained in Paragraph 68 are otherwise denied.

69. **Commonality.** Insperity PEO denies Paragraph 69 of the Complaint.

70. **Typicality.** Insperity PEO denies Paragraph 70 of the Complaint.

71. **Adequacy.** Insperity PEO denies Paragraph 71 of the Complaint.

C. **Rule 23(b) Prerequisites**

72. The allegations contained in Paragraph 72 of the Complaint constitute conclusions of law to which no response is required of Insperity PEO. To the extent that that a response is deemed required, said allegations are denied.

73. The allegations contained in Paragraph 73 of the Complaint constitute conclusions of law to which to response is required of Insperity PEO. To the extent that that a response is deemed required, said allegations are denied.

## V.
## CAUSES OF ACTION

### As to "Count 1: (CLASS CLAIM) Defendants' Violations of 15 U.S.C. § 1681b(b)(3)(A)"

74. Insperity PEO realleges and incorporates by reference its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

12

78. The allegations contained in Paragraph 78 are denied.

## As to "Count 2: (CLASS CLAIM) Insperity's Violation of 15 U.S.C. § 1681k(a)(1)"

79. Insperity PEO realleges and incorporates by reference its responses to Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. It is admitted that IES furnished a consumer report of the Plaintiff for an employment purpose. Insperity PEO does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 80, and therefore said allegations are denied.

81. The allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 are denied.

83. It is admitted that Insperity PEO did not send notices pursuant to 15 U.S.C. § 1681k(a)(1), but it is specifically denied that Insperity PEO had any legal obligation, or obligation of any kind, to do so. Except as admitted, the remaining allegations contained in Paragraph 83 are denied.

84. The allegations contained in Paragraph 84 are denied.

85. The allegations contained in Paragraph 85 are denied.

86. The allegations contained in Paragraph 86 are denied. It is specifically denied that Insperity PEO is liable for damages in any kind or in any amount.

87. The allegations contained in Paragraph 87 are denied.

### As to "Count 3: (INDIVIDUAL CLAIM) Insperity's Violation of 15 U.S.C. § 16813(b)"

88. Insperity PEO realleges and incorporates herein by reference its responses to Paragraphs 1 through 87 as if fully set forth herein.

89. The allegations contained in Paragraph 89 are admitted.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied. It is specifically denied that Insperity PEO generated any consumer report as alleged; and it is instead averred that IES generated the report, and in so doing, employed the procedures required by the FRCA.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95 are denied.

96. Insperity PEO hereby specifically denies any and all allegations contained in Plaintiff's Complaint not expressly admitted herein. In addition, Insperity PEO further avers that it is responding to the allegations against Insperity PEO, and does not take a position as to the allegations made against American Support except as specifically set forth in response to Plaintiff's allegations.

97. Insperity PEO reserves the right to amend this Answer to assert any additional defenses, counterclaims, or limitations on damages upon completion of discovery.

## VI.
## AS TO "PRAYER FOR RELIEF"

Insperity PEO denies that Plaintiff is entitled to the relief requested in her Prayer for Relief, that Plaintiff has been damaged in any amount and/or in the amounts set forth in her 'WHEREFORE' clause or any of its subparts; or that the remedies identified in Plaintiff's 'WHEREFORE' clause are available as a matter of law.

## VI. [sic]
## AS TO 'TRIAL BY JURY'

Insperity PEO objects to Plaintiff's request for a trial by jury.

## FIRST AFFIRMATIVE DEFENSE
## (FRCP 12(b)(6))

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the purported class members are barred because they are without merit as a matter of both fact and law.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint predates the applicable limitations period under the FRCA, such claims of Plaintiff and/or the members of the purported class are time-barred.

## FOURTH AFFIRMATIVE DEFENSE

Insperity PEO at all times relevant to Plaintiff's Complaint acted in compliance with the FRCA, and is entitled to every defense afforded to it by that statute.

## FIFTH AFFIRMATIVE DEFENSE

Insperity PEO acted in good faith and without malice or intent to injure Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Insperity PEO did not willfully violate the Fair Credit Reporting Act, or any other legal requirement.

## SEVENTH AFFIRMATIVE DEFENSE

Insperity PEO did not negligently violate the FCRA or any other legal requirement.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that a violation of the FRCA is established, any such violation was not willful and occurred despite the maintenance of reasonable policies and procedures to avoid such violation.

## NINTH AFFIRMATIVE DEFENES

Any violation of the FCRA, which is expressly denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that neither Plaintiff nor any member of the putative class has suffered any actual damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that Plaintiff, and/or members of the putative class, failed to mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by her own acts or omissions, or other acts or omissions by third parties other than Insperity PEO.

### THIRTEENTH AFFIRMATIVE DEFENSE

Insperity PEO acted in good faith at all times, with bona fide and justifiable reasons for believing that its conduct complied with the law, so Insperity PEO cannot be held liable for punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United States of America.

### FIFTEENTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that could be prosecuted as a class action; and otherwise fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This lawsuit should not be maintained as a class action because:

a. The proposed class definitions are vague, ambiguous and overbroad;

b. Class adjudication is not superior to other methods of adjudication;

c. Common questions of law and fact do not predominate over individualized questions;

d. There are not common questions of law and fact in regards to the various purported class members;

e. Plaintiff is not a proper class representative;

f. Plaintiff may have some significant conflict of interest with the purported class members; and

g. Plaintiff's claims are not "typical" or "common" with the claims of the purported class members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

In the event this action is certified as a class action, the claims of class members who have previously filed suit, entered into settlements with Insperity PEO and/or its agents and/or affiliates, or otherwise settled claims or had their claims decided on the

merits, are barred by the doctrines of release, accord and satisfaction, collateral estoppel and/or res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

Insperity PEO will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleadings as permitted by this Court.

Respectfully submitted this the 16th day of August, 2013.

JACKSON LEWIS LLP

BY: */s/ Patricia L. Holland*
PATRICIA L. HOLLAND
N.C. State Bar No. 8816
1400 Crescent Green, Suite 215
Cary, NC 27518
Telephone: (919) 854-0044
Facsimile: (919) 854-0908
Email: patricia.holland@jacksonlewis.com

KEVIN D. HOLDEN
Two James Center
1021 East Cary Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 649-0404
Facsimile: (804) 649-0403
Email: kevin.holden@jacksonlewis.com
*ATTORNEYS FOR DEFENDANT*
*INSPERITY PEO SERVICES, L.P.*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

CIVIL ACTION NO. 1:13-cv-00418-CCE-JEP

| | |
|---|---|
| LATASHA SALES, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| AMERICAN SUPPORT, INC. and INSPERITY PEO SERVICES, L.P., *formerly known as* Administaff Companies II, L.P., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on August 16, 2013, the foregoing *Answer of Insperity PEO Services, L.P. to Complaint* was electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

*Leonard A. Bennett, Esq.*
*Consumer Litigation Associates, P.C.*
*763 J. Clyde Morris Boulevard, Suite 1A*
*Newport News, VA 23601*
*lenbennett@clalegal.com*
*Attorney for Plaintiffs*

JACKSON LEWIS LLP

BY:    */s/ Patricia L. Holland*
         PATRICIA L. HOLLAND
         N. C. State Bar No. 8816
         *Attorney for Def. Insperity PEO Services, L.P.*
         1400 Crescent Green, Suite 215
         Cary, NC 27518
         Telephone: (919) 854-0044
         Facsimile: (919) 854-0908
         Email: patricia.holland@jacksonlewis.com

4841-4067-5349, v. 1