**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**
**Civil Action No.:  1:13-cv-00418-CCE-JEP**

| | |
|---|---|
| **LATASHA SALES, individually and on behalf of all others similarly situated,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **AMERICAN SUPPORT, INC. and INSPERITY PEO SERVICES, L.P.,** *formerly known* **as Adminstaff Companies II, L.P.,** <br><br> **Defendants.** | **ANSWER OF DEFENDANT AMERICAN SUPPORT, LLC** |

Defendant American Support, LLC ("American Support"), incorrectly referred to in the Complaint as "American Support, Inc.," answers the Complaint as follows:

## FOR A FIRST DEFENSE

American Support denies each and every allegation of the Complaint not expressly admitted herein.

1.     The allegations contained in Paragraph 1 of the Complaint constitute a legal conclusion or characterization to which no response is required.

2.     American Support admits the allegations contained in the first sentence of Paragraph 2, to the extent that such allegations are intended to refer to "American Support, LLC" and not "American Support, Inc."  As to the second sentence contained in Paragraph 2, it is denied that Insperity PEO furnished and or generated criminal background reports to American Support, but it is averred that such criminal background

reports were generated and furnished by Insperity Employment Screening, L.L.C. ("IES"). The remaining allegations contained in Paragraph 2 constitute a legal conclusion of law to which no response is required.

3.      American Support is without information sufficient either to admit or to deny the allegations of Paragraph 3 of the Complaint.

4.      American Support admits so much of Paragraph 4 as alleges that American Support used consumer reports, in whole or in part, to make employment decisions. American Support is without information sufficient to admit or to deny the remaining allegations of Paragraph 4.

5.      The allegations contained in Paragraph 5 constitute conclusions of law to which no response is required.

6.      American Support denies the allegations contained in Paragraph 6.

7.      American Support responds to the allegations of Paragraph 7 by averring that it has contracted with Insperity PEO for certain outsourced HR functions.

8.      American Support admits that it is aware of the Fair Credit Reporting Act ("FRCA") and its requirements. American Support is without information sufficient either to admit or to deny the remaining allegations of Paragraph 8.

9.      The allegations contained in the first clause of Paragraph 9 constitute a conclusion of law to which no response is required. The remaining allegations contained in Paragraph 9 are denied.

10.      American Support is informed and believes allegations of Paragraph 10 are not directed against American Support and therefore, no response is required.

11.     American Support is informed and believes allegations of Paragraph 11 are not directed against American Support and therefore, no response is required.

12.     The allegations contained in Paragraph 12 constitute conclusions of law to which no response is required.

13.     American Support admits the allegations contained in Paragraph 13, to the extent such allegations are intended to refer to "American Support, LLC" and not "American Support, Inc."

14.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 constitute conclusions of law to which no response is required.

16.     The allegations contained in Paragraph 16 constitute a legal conclusion to which no response is required.

17.     The allegations contained in Paragraph 17 constitute a legal conclusion to which no response is required.

18.     The allegation contained in the first sentence of Paragraph 18 constitutes a legal conclusion to which no response is required.  American Support admits that it maintains its business in this District and Division and that its President and CEO is located here.  American Support is without information sufficient either to admit or to deny the remaining allegations of Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 constitute a legal conclusion to which no response is required.

20.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 constitute a legal conclusion to which no response is required.

22.     American Support admits the allegations contained in Paragraph 22.

23.     Responding to the allegations of Paragraph 23 of the Complaint, American Support admits that it used a consumer report on Plaintiff, and that Plaintiff had consented to such use.  American Support does not have sufficient information to form a belief as to the remaining allegations contained in Paragraph 23.

24.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 24 of the Complaint.

25.     American Support admits so much of Paragraph 25 as alleges that training was scheduled for May 16.

26.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 26 of the Complaint.

27.     American Support admits that, on or about May 10, 2011, it supplied an offer letter to Plaintiff—the terms of which speak for themselves and are the best evidence of the letter's contents.  American Support denies the allegations of Paragraph 27 to the extent that such allegations are inconsistent with the terms of the offer letter referred to therein.

28.     American Support admits so much of the allegations of Paragraph 28 as allege that Ms. Sales signed and returned an hourly information sheet on or about May

13, 2011.  American Support is without information sufficient either to admit or to deny the remaining allegations of Paragraph 28 of the Complaint.

29.     American Support admits the allegations contained in Paragraph 29.

30.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 30 of the Complaint.

31.     American Support admits so much of the allegations of Paragraph 31 as allege that the consumer report prepared by IES contained an 'additional name' of Latasha Johnson.  American further avers that Plaintiff had identified Johnson as an additional name used by her.  American Support denies that Plaintiff never had the name Johnson.  American Support is without information sufficient either to admit or to deny the remaining allegations of Paragraph 31 of the Complaint.

32.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 constitute a legal conclusion to which no response is required.

34.     American Support admits so much of the allegations of Paragraph 34 as allege that Plaintiff emailed American Support employee Bracken Mayes and received the response described in Paragraph 34.  American Support is without information sufficient either to admit or to deny the allegations of Paragraph 34 of the Complaint.

35.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 35 of the Complaint.

5

36.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 36 of the Complaint.

37.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 37 of the Complaint.

38.     American Support denies the first clause contained in Paragraph 38 of the Complaint.  The remaining allegations contained in Paragraph 38 constitute conclusions of law to which no response is required.

39.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 39 of the Complaint.

40.     American Support admits the allegations contained in Paragraph 40.

41.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 41 of the Complaint.

42.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 42 of the Complaint.

43.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 43 of the Complaint.

44.     American Support admits the allegations contained in Paragraph 44.

45.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 45 of the Complaint.

46.     American Support is without information sufficient either to admit or to deny the allegations of Paragraph 46 of the Complaint.

47.     American Support admits so much of the allegations contained in Paragraph 47 as allege that American Support has developed and implemented uniform hiring and staffing policies and procedures.   American Support is without information sufficient to admit or deny the allegations of Paragraph 47 to the extent that such allegations refer to entities other than American Support.

48.     The allegations contained in Paragraph 48 as directed to American Support are admitted.   To the extent that said allegations are directed to entities other than American Support, said allegations are denied for lack of information or belief.

49.     American Support admits the allegations contained in Paragraph 49.

50.     American Support denies the allegations contained in Paragraph 50.

51.     American Support denies the allegations contained in Paragraph 51.

52.     American Support denies the allegations contained in Paragraph 52.

53.     American Support is informed and believes allegations of Paragraph 53 are not directed against American Support and therefore, no response is required.

54.     American Support is informed and believes allegations of Paragraph 54 are not directed against American Support and therefore, no response is required.

55.     American Support admits the first clause contained in Paragraph 55.  The remaining allegations contained in Paragraph 55 constitute conclusions of law to which no response is required.

56.     American Support admits so much of the allegations of Paragraph 56 as allege that American Support has materials available to it that describe the mandates of

FCRA. American Support is without information to admit or to deny such allegations to the extent they refer to entities other than American Support.

57. American Support denies the allegations contained in Paragraph 57.

58. The allegation contained in Paragraph 58 is a description of the putative class and is not a factual allegation that can be admitted or denied.

59. The allegations contained in Paragraph 59 constitute conclusions of law to which no response is required.

60. The allegation contained in Paragraph 60 is a description of the putative class and not a factual allegation that can be admitted or denied.

61. The allegations contained in Paragraph 61 constitute conclusions of law to which no response is required.

62. The allegation contained in Paragraph 62 is a description of the putative class and not a factual allegation that can be admitted or denied.

63. The allegations contained in Paragraph 63 constitute conclusions of law to which no response is required.

64. The allegation contained in Paragraph 64 is a description of the putative class and not a factual allegation that can be admitted or denied.

65. The allegations contained in Paragraph 65 constitute conclusions of law to which no response is required.

66. The allegation contained in Paragraph 66 is a description of the putative class and not a factual allegation that can be admitted or denied.

67. The allegations contained in Paragraph 67 constitute conclusions of law to which no response is required.

68. American Support is without sufficient information or belief as to whether the numerosity requirement of Rule 23 would be met. The allegations contained in Paragraph 68 are otherwise denied.

69. American Support denies Paragraph 69 of the Complaint.

70. American Support denies Paragraph 70 of the Complaint.

71. American Support denies Paragraph 71 of the Complaint.

72. The allegations contained in Paragraph 72 constitute conclusions of law to which no response is required.

73. The allegations contained in Paragraph 73 constitute conclusions of law to which no response is required.

74. American Support realleges and incorporates by reference its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

78. The allegations contained in Paragraph 78 are denied.

79. American Support realleges and incorporates by reference its responses to Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. The allegations contained in Paragraph 80 are admitted.

81.    American Support is without information sufficient to admit or deny the allegations of Paragraph 81.

82.    American Support is without information sufficient to admit or deny the allegations of Paragraph 82.

83.    American Support is without information sufficient to admit or deny the allegations of Paragraph 83.

84.    American Support is without information sufficient to admit or deny the allegations of Paragraph 84.

85.    American Support is without information sufficient to admit or deny the allegations of Paragraph 85.

86.    American Support is without information sufficient to admit or deny the allegations of Paragraph 86.

87.    American Support denies the allegations contained in Paragraph 87.

88.    American Support realleges and incorporates by reference its responses to Paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.    The allegations contained in Paragraph 89 are admitted.

90.    The allegations contained in Paragraph 90 are denied.

91.    The allegations contained in Paragraph 91 are denied.

92.    The allegations contained in Paragraph 92 are denied.

93.    The allegations contained in Paragraph 93 are denied.

94.    The allegations contained in Paragraph 94 are denied.

95.    The allegations contained in Paragraph 95 are denied.

## FIRST FURTHER DEFENSE

To the extent that the period of time covered by the Complaint predates the applicable limitations period under the FCRA, such claims of Plaintiff and/or the members of the purported class are time-barred.

## SECOND FURTHER DEFENSE

American Support acted in good faith and without malice or intent to injure Plaintiff.

## THIRD FURTHER DEFENSE

American Support did not willfully violate the Fair Credit Reporting Act, or any other legal requirement applicable to it. To the extent that any violation is established, such violation was not willful, but resulted from a bona fide error despite the existence application of reasonable policies and procedures designed to prevent it.

## FOURTH FURTHER DEFENSE

American Support did not negligently violate the FCRA or any other legal requirement.

## FIFTH FURTHER DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that neither Plaintiff nor any member of the putative class has suffered any actual damages.

## SIXTH FURTHER DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that Plaintiff and/or any member of the putative class, failed to mitigate their damages.

## SEVENTH FURTHER DEFENSE

Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by her own acts or omissions, or other acts or omissions by third parties other than American Support.

## EIGHTH FURTHER DEFENSE

American Support acted in good faith at all times, with bona fide and justifiable reasons for believing that its conduct complied with the law, so American Support cannot be held liable for punitive damages.

## NINTH FURTHER DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## TENTH FURTHER DEFENSE

The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that could be prosecuted as a class action; and otherwise fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH FURTHER DEFENSE

In the event this action is certified as a class action, the claims of class members who have previously filed suit, entered into settlements with American Support and/or its agents and/or affiliates, or otherwise settled claims or had their claims decided on the merits, are barred by the doctrines of release, accord and satisfaction, collateral estoppel and/or res judicata.

Respectfully submitted this 29th day of November, 2013

BY:   */s/ Stephen M. Cox*
        Stephen M. Cox
        N.C. State Bar No. 23057
        ROBINSON BRADSHAW & HINSON, P.A.
        140 East Main Street, Suite 420
        Rock Hill, South Carolina  29730
        Telephone:   803.325.2900
        Facsimile:   803.325.2929
        Email:      scox@rbh.com

        *Attorneys for Defendant American Support,*
        *LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION
#### Civil Action No.:  1:13-cv-00418-CCE-JEP

| | |
|---|---|
| LATASHA SALES, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>AMERICAN SUPPORT, INC. and INSPERITY PEO SERVICES, L.P., *formerly known* as Adminstaff Companies II, L.P.,<br><br>**Defendants.** | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on November 29, 2013, the foregoing Answer of Defendant American Support, Inc. was electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Leonard A. Bennett, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
lenbennett@clalegal.com
*Attorney for Plaintiffs*

| | |
|---|---|
| Patricia L. Holland<br>JACKSON LEWIS LLP<br>patricia.holland@jacksonlewis.com | Kevin D. Holden<br>JACKSON LEWIS LLP<br>Kevin.holden@jacksonlewis.com |

*Attorneys for Defendant Insperity PEO Services, L.P.*

/s/ Stephen M. Cox
Stephen M. Cox
N.C. State Bar No. 23057
ROBINSON BRADSHAW & HINSON, P.A.
140 East Main Street, Suite 420
Rock Hill, South Carolina  29730
Telephone:    803.325.2900
Facsimile:    803.325.2929
Email:    scox@rbh.com
*Attorneys for Defendant American Support,*
*LLC*